1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

10   JOE WAYNE GORMAN,

11                                    Plaintiff,
         vs.

12

13   JP MORGAN CHASE BANK, et al.,

14                                    Defendants.

CASE NO. 13cv225 MMA (WMc)

**ORDER GRANTING MOTIONS TO DISMISS**;

**DENYING AS MOOT MOTIONS TO STRIKE**

[Doc. Nos. 8, 9, 17]

15

16          On February 25, 2013, Plaintiff Joe Gorman, proceeding *pro se*, filed a First

17   Amended Complaint ("FAC") against Defendants JP Morgan Chase Bank, N.A.,

18   Chase Auto Finance, Jay Cocchiara, Rosemary Verjan, James Smith, Tricia

19   LaFrantz, Sonia Peralta, Del Mar Recovery Solutions, Inc., and Joshua Elias

20   (respectively "JP Morgan," "Chase," "Cocchiara," "Verjan," "Smith," "LaFrantz,"

21   "Peralta," "Del Mar," and "Elias," and collectively "Defendants").  The FAC alleges

22   several causes of action arising out of a vehicle loan agreement between Plaintiff and

23   JP Morgan.  On March 19, 2013 and April 1, 2013, Defendants filed three motions

24   to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. Nos.

25   8, 9, 17.]  Alternatively, Defendants seek to strike certain portions of the FAC under

26   Rules 12(f) and (g).  For the reasons set forth below, the Court **GRANTS**

27   Defendants' motion to dismiss and **DENIES** as **moot** Defendants' motions to strike.

28   / / /

1

## I. BACKGROUND[1]

In 2007, Plaintiff purchased a vehicle from a car dealership in Lemoore, California.  Defendant JP Morgan financed the purchase.  Sometime thereafter, Plaintiff began having difficulty making the loan payments, so he requested a cap on the loan's interest rate and a reduction of his loan payment.  JP Morgan refused. Nonetheless, according to Plaintiff, JP Morgan allegedly began accepting half payments, and even payments as low as $5.00, without complaint.

In December 2012, Plaintiff entered into settlement negotiations with Defendant Smith, a JP Morgan Chase Auto Finance Representative, to settle his loan account.  On December 30, the parties allegedly agreed to settle Plaintiff's account for $5,000.  Smith told Plaintiff to obtain a $5,000 cashier's check, deliver it to a JP Morgan Chase Bank, and have the bank "FedEx" the check overnight.  Plaintiff attempted to follow these instructions, but Defendant Vergan, the Assistant Bank Manager, refused to FedEx the check, citing company policy and the fact that it was late in the work day.  However, after a lengthy discussion, Vergan agreed to send a "Fax Confirmation" to Smith regarding the arrangement with Plaintiff, and told Plaintiff that Smith would contact him via telephone in several days.  Plaintiff, however, never received a call from Smith.  Subsequently, Plaintiff alleges that Defendants have been verbally abusing him through "Robo-type Hang up calls," threats of repossession, and threats of garnishing Plaintiff's only means of support. Accordingly, the present suit ensued.

Defendant Del Mar is a repossession agency licensed by the Department of Consumer Affairs for the State of California.  Defendant Elias is the President of Del

---

[1] Plaintiff presents the facts in a confusing, meandering fashion, and mixes relevant facts together with irrelevant facts and legal argument.  Thus, a comprehensive recitation of the facts is a difficult endeavor.  Nonetheless, because Plaintiff is proceeding *pro se*, the Court must construe his allegations liberally.  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  Furthermore, because this matter is before the Court on a motion to dismiss, the Court must accept as true the allegations of the complaint in question.  *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976).

1  Mar.  The remaining individual defendants are JP Morgan employees.

2  ## II. LEGAL STANDARD

3          Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion

4  the defense that the complaint "fail[s] to state a claim upon which relief can be

5  granted," generally referred to as a motion to dismiss.  The Court evaluates whether

6  a complaint states a cognizable legal theory and sufficient facts in light of Federal

7  Rule of Civil Procedure 8(a), which requires a "short and plain statement of the

8  claim showing that the pleader is entitled to relief."  Although Rule 8 "does not

9  require 'detailed factual allegations,' it [does] demand[] more than an unadorned,

10  the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662,

11  678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

12  550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In other words, "a

13  plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

14  more than labels and conclusions, and a formulaic recitation of the elements of a

15  cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*,

16  478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Nor does a

17  complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

18  enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

19          "To survive a motion to dismiss, a complaint must contain sufficient factual

20  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.*

21  (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is

22  facially plausible when the facts pled "allow[] the court to draw the reasonable

23  inference that the defendant is liable for the misconduct alleged."  *Id.* (citing

24  *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but

25  there must be "more than a sheer possibility that a defendant has acted unlawfully."

26  *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible

27  entitlement to relief.  *Id.* (quoting *Twombly*, 550 U.S. at 557).

28          Further, the Court need not accept as true "legal conclusions" contained in the

complaint.  *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense."  *Id.* at 679 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.*

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint.  *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) ("Court have a duty to construe pro se pleadings liberally including pro se motions as well as complaint.").  In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

### III. JUDICIAL NOTICE

Del Mar and Elias filed a request for judicial notice concurrently with their motion to dismiss.  [Doc. No. 8-2.]  Under Federal Rule of Evidence 201(b), judicial notice may be taken of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Here, Elias and Del Mar request the Court take judicial notice of the Repossession Agency License for Del Mar, issued by the Department of Consumer Affairs, Bureau of Security and Investigative Services, State of California.  Applying

Federal Rule of Evidence 201(b), the Court finds that the accuracy of this document cannot reasonably be questioned, and therefore **GRANTS** Defendants' request for judicial notice.

In the FAC, Plaintiff requests that the Court take judicial notice of several facts.[2] The Court **DENIES** Plaintiff's requests, as the facts to be noticed are mere allegations, and are not capable of accurate and ready determination.

## IV. DISCUSSION

Plaintiff's complaint specifically enumerates five causes of action. The first four are claims under the FDCPA. Specifically, the Complaint alleges: (1) unfair or unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f; (2) improper use of false, deceptive, and misleading collection tactics in violation of 15 U.S.C. § 1692; (3) falsely representing the character, amount, or status of debt in violation of 15 U.S.C. § 1692; (4) placing telephone calls without meaningful disclosure of the caller's identity in violation of 15 U.S.C. § 1692d(6); and (5) violation of the Fair Credit Reporting Act ("FCRA"). Defendants argue that Plaintiff fails to allege sufficient facts to state a claim on any of these causes of action. The Court notes that while Plaintiff opposed two of the three motions to dismiss, the oppositions raise largely irrelevant matters and fail to respond to the substantive matters posed in Defendants' motions.[3]

/ / /

---

[2] Specifically, Plaintiff requests that the Court take judicial notice that: (1) Defendant Smith instructed Plaintiff to fax a copy of a cashier's check, and that Plaintiff did so; (2) Defendant JP Morgan admitted to the Consumer Financial Protection Bureau that an unnamed debt collection agency impersonated law enforcement, and Defendant Del Mar refused to identify themselves as required under the Fair Debt Collection Practices Act ("FDCPA") and the California Rosenthal Act; and (3) JP Morgan has received numerous complaints of fraud, violations of the FDCPA, and sundry other torts.

[3] Plaintiff also filed a Reply, which the Court construes as a Sur-Reply to Defendant JP Morgan's reply in support of its motion to dismiss. [Doc. No. 47.] The Local Civil Rules do not allow for the filing of a Sur-Reply absent leave of court. Nonetheless, the Court has considered the document, and finds that it also fails to address the substantive issues raised in JP Morgan's motion to dismiss.

## A.    Federal Rule of Civil Procedure 8

As a preliminary matter, the Court finds that Plaintiff's FAC fails to satisfy the pleading standards of Federal Rule of Civil Procedure 8.  Plaintiff neither includes a "short and plain statement" of his causes of action, nor sets forth allegations that are "simple, concise, and direct."  Fed. R. Civ. P. 8(a), (d)(1).  Confusing complaints such as the one Plaintiff filed in this case impose unfair burdens on litigants and the Court.  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).  As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one Plaintiff filed.  *Id.*  For instance, the FAC contemplates and mentions a host of claims, including breach of oral contract and others.  However, the FAC only explicitly lists four FDCPA claims and one FCRA claim.  Deciphering the precise claims of the FAC is a difficult, if not impossible, endeavor.  Defendants are then put at risk that their interpretation of Plaintiff's allegations differs from the Court's, that the Plaintiff will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.  *Id.* at 1180.  Furthermore, "the rights of the defendants to be free from costly and harassing litigation must be considered."  *Von Poppenheim v. Portland Boxing and Wrestling Comm'n*, 442 F.2d 1047, 1054 (9th Cir. 1971).

Here, Plaintiff has filed a lengthy and confusing pleading that largely fails to provide the individual Defendants with notice of the nature and extent of Plaintiff's claims. Plaintiff's FAC is exactly the type of pleading which Rule 8 endeavors to prohibit in federal cases, and it is subject to dismissal on this basis.  The Court previously *sua sponte* dismissed Plaintiff's initial Complaint on these same grounds, and finds the present incarnation of the FAC to be similarly deficient.

## B.    FDCPA Claims

"The [FDCPA] prohibits debt collector[s] from making false or misleading representations and from engaging in various abusive and unfair practices."  *Heintz*

*v. Jenkins*, 14 U.S. 291, 292 (1995).  To be liable for an FDCPA violation, a defendant must, as a threshold matter, be a "debt collector" within the meaning of those acts.  *Id.* at 294.

Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  This definition includes "any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."  *Id.* § 1692a(6).  The FDCPA does not, however, cover "the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."  *Nool v. HomeQ Servicing*, 53 F. Supp. 2d 1047, 1053 (E.D.Cal. 2009) (quoting *Perry v. Stewart Title Co.*, 56 F.2d 1197, 1208 (5th Cir.1985)); *see also* 15 U.S.C. § 1692a(4) (defining "creditor").

### 1.    JP Morgan

Defendant JP Morgan argues that the FDCPA does not apply to it because it is not a debt collector, but rather a creditor.  In opposition, Plaintiff asserts it is unclear what role JP Morgan played in the transaction.  However, Plaintiff alleges that his car loan was "financed through JP Morgan."  [FAC at 7.]  Thus, the very allegations of the FAC indicate that JP Morgan was a creditor, rendering inapplicable the provisions of the FDCPA.  Furthermore, upon review of the FAC, the Court finds that it is devoid of any proper allegations setting forth that JP Morgan is a "debt collector."  Thus, Plaintiff fails to state a cause of action under the FDCPA against Defendant JP Morgan.  Further, the Court finds that leave to amend this claim against JP Morgan would be futile and thereby dismisses this claim with prejudice and without leave to amend.

### 2.    Del Mar and Elias

Similarly, Defendants Del Mar and Elias argue that the FAC fails to allege that they are debt collectors as defined by the FDCPA.  Indeed, the FAC fails to adequately allege this fact.  Furthermore, Defendants cite *Burling v. Windsor Equity Group, Inc.*, 2012 WL 5330916 at *3 (C.D. Cal. 2012) for the proposition that an entity engaged in the principal business of enforcing security interests, such as a repossession agency like Del Mar, is not a "debt collector" subject to the FDCPA. The Court is unable to discern from the current record whether Del Mar and Elias acted beyond that of a mere repossession agency.  However, because Plaintiff fails to properly allege that Del Mar and Elias are debt collectors, the Court finds that Plaintiff has not stated a claim under the FDCPA against Del Mar or Elias.

### 3.    Remaining Individual Defendants

Finally, Plaintiff does not allege facts showing that individual Defendants Cocchiara, LaFrantz, Peralta, Smith, and Verjan are debt collectors.  Indeed, the allegations in the FAC only establish that these individuals were employees of JP Morgan, which, as discussed previously, is not a debt collector.  Moreover, a debt collector does not include a creditor's officers or employees who act in the creditor's name.  15 U.S.C. § 1692a(6)(A).  The Court concludes that any FDCPA claims against these individual defendants must be dismissed with prejudice and without leave to amend.

## C.    FCRA Claim

Plaintiff's fifth cause of action for violation of the FCRA is based on Plaintiff's allegations that the credit reporting agencies are reporting inaccurate information as to the Plaintiff's auto loan account with JP Morgan.  Specifically, Plaintiff claims that his Experian credit report shows a "zero balance," and a "charge off" of his account with JP Morgan.  [FAC at 15.]  According to Plaintiff, these facts are inaccurate.

In order to ensure fair and accurate credit reporting, 15 U.S.C. § 1681 places duties on credit reporting agencies and parties that furnish consumer credit

information to credit reporting agencies. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009); *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002); *see* 15 U.S.C. § 1681s–2(b). As a threshold issue, "[t]o succeed on such a claim, a plaintiff must allege that she had a dispute with a credit reporting agency regarding the accuracy of an account, that the credit reporting agency notified the furnisher of the information, and that the furnisher failed to take the remedial measures outlined in the statute." *Von Brincken v. Mortgageclose. Com, Inc.*, 2011 WL 2621010, at *5 (E.D. Cal. 2011); *see Gorman*, 584 F.3d at 1162.

A private right of action against furnishers of information exists in Section 1681s–2(b)(1) for violation of the FCRA. *Gorman*, 584 F.3d at 1162; *Matracia v. JP Morgan Chase Bank, NA*, 2011 WL 1833092 at *3 (E.D. Cal. 2011; 15 U.S.C. 1681s–2(b)(1)(A) (stating that "[a]fter receiving notice *pursuant to section 1681 i(a)(2) of this title* of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—conduct an investigation with respect to the disputed information . . .") (emphasis added). Section 1681i(a)(2) states, "before the expiration of the 5–business–day period beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer . . . *the agency shall provide notification of the dispute* to any person who provided any item of information in dispute . . . . The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller." 15 U.S.C. § 1681i(a)(2) (A) (emphasis added). Thus, an individual consumer may bring a cause of action against a furnisher of information for a violation of 15 U.S.C. § 1681s–2(b)(1)(A) only if a credit reporting agency has notified the furnisher of the consumer's dispute. *Matracia*, 2011 WL 1833092, at *3; *Von Brincken*, 2011 WL 2621010, at *5.

Here, Plaintiff fails to sufficiently plead facts to establish a cause of action under the FCRA. Plaintiff does not state that he disputed the inaccurate credit

information with the credit reporting agency or that the credit reporting agency notified the furnisher of the allegedly inaccurate information.  Thus, Plaintiff has not satisfied a threshold element for violation of the FCRA.  Accordingly, the Court dismisses the FCRA claim.

**D.     Other Claims**

The caption of the FAC lists many additional causes of action, including, *inter alia*, breach of contract, fraud, retaliation, intentional infliction of emotional distress, and violation of California's Rosenthal Fair Debt Collections Practices Act. However, the body of the FAC, though mentioning some of these claims in passing, fails to separately enumerate these claims.  Thus, even when liberally construing the FAC, the Court concludes that Plaintiff has failed to meet the pleading standards of Federal Rules of Civil Procedure 8 and 12(b)(6) with respect to these claims.  Yet, the Court finds that Plaintiff intended to allege some of these additional claims or, at a minimum, a breach of contract claim.  [*See* FAC at 3 (defining a contract).]  Thus, the Court grants Plaintiff leave to amend his complaint with respect to these additional claims for the specific purpose of curing the above-described deficiencies.

### V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendants' Motions to Dismiss.  [Doc. Nos. 8, 9, 17.]  Accordingly, the Court **DENIES as moot** Defendants' Motions to Strike.  If he so chooses, Plaintiff may file a second amended complaint, curing the defects noted herein.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

A newly amended complaint must comply with all terms and conditions of this Order.  With respect to the claims that the Court has dismissed with prejudice, the amended complaint must not re-allege those claims.  Plaintiff must file his second amended complaint no later than *45 days* from the date this Order is filed.

**IT IS SO ORDERED.**

DATED: May 3, 2013

Hon. Michael M. Anello
United States District Judge